IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RHONDA BAILEY,          § | |
|     Plaintiff,          § | |
| v.                               § | No. 3:15-CV-2208-B (BF) |
| CAROLYN W. COLVIN, Acting § | |
| Commissioner of Social Security, § | |
|     Defendant.          § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rhonda Bailey ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments, including depression and injuries sustained from a car accident. *See* Tr. [ECF No. 13-3 at 35; ECF No. 14-4 at 9-11]; Pl.'s Br. [ECF No. 19 at 12-13]. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 5, 2013 in Dallas, Texas before ALJ Carol K. Bowen. *See id.* [ECF No.13-3 at 31]. Also present at the hearing was Vocational Expert ("VE") Susan Brooks. *See id.* [ECF No.13-3 at 31]. At the time of the hearing, Plaintiff was 45 years old. *Id.* [ECF No.13-3 at 22]. Plaintiff has a high school education. *See id.* [ECF No.13-3 at 22]. Plaintiff has past work experience as a proof-machine operator, a routine office clerk, and a cafeteria food service worker. *See id.* [ECF No. 13-3 at 67]. Plaintiff has not engaged in substantial gainful activity since September 2, 2011. *See id.* [ECF No.

13-3 at 23, 34].

On February 12, 2014, the ALJ issued a decision finding Plaintiff not disabled. *See id.* [ECF No. 13-3 at 24]. The ALJ determined that Plaintiff had the following severe impairments: residuals of motor vehicle accident with cervical fusion, open reduction internal fixation right lower extremity fracture, dislocated hip, concussion, major depressive disorder, and common migraine. *See id.* [ECF No. 13-3 at 17]. The ALJ also determined that Plaintiff had the following non-severe impairments: hypertension, history of lupus, history of asthma, gastroesophageal reflux disease, and dysphagia. *See id.* [ECF No. 13-3 at 17]. The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). *See id.* [ECF No. 13-3 at 18].

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), which entails lifting 20 pounds occasionally and carrying 10 pounds frequently; standing and walking for 4 hours in a standard 8 hour workday; and sitting for at least 6 hours in a standard 8 hour workday. *See id.* [ECF No. 13-3 at 19]. The ALJ determined that Plaintiff required a cane for uneven surfaces or prolonged ambulation. *See id.* [ECF No. 13-3 at 19]. The ALJ determined that Plaintiff could not perform the operation of foot controls, climb, kneel, crouch, or crawl. *See id.* [ECF No. 13-3 at 19]. The ALJ determined that Plaintiff could occasionally balance and reach overhead, and frequently stoop. *See id.* [ECF No. 13-3 at 19]. The ALJ determined that Plaintiff should avoid work at unprotected heights or with hazardous moving machinery. *See id.* [ECF No. 13-3 at 19]. The ALJ determined that Plaintiff could not operate motor vehicles, but was able to sustain attention and concentration to understand, remember, and carry out

2

detailed tasks, but not complex tasks, on a regular and continuing basis. *See id.* [ECF No. 13-3 at 19]. The ALJ concluded that Plaintiff was able to perform her past relevant work in a proofing machine job. *See id.* [ECF No. 13-3 at 22].

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* [ECF No. 13-3 at 2]. On May 5, 2015, the Appeals Council affirmed the ALJ's decision. *See id.* [ECF No. 13-3 at 2]. Plaintiff subsequently filed this action in the district court on July 1, 2015. *See* Compl. [ECF No. 1].

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

    (1)    an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

    (2)    an individual who does not have a "severe impairment" will not be found to be disabled;

    (3)    an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

  (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

  (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

  The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

  "Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at

*5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error by finding that Plaintiff was capable of sustaining attention and concentration to understand, remember, and carry out detailed tasks, but not complex tasks, on a regular and continuing basis. *See* Pl.'s Br. [ECF No. 19 at 18-24]. Plaintiff argues that the ALJ rejected the idea that her mental impairment was not severe by implicitly finding that the evidence from Dallas Metrocare Services demonstrated a severe medically determinable impairment, but elected not to subject it to medical scrutiny. *See id.* [ECF No. 19 at 22-23]; Tr. [ECF No. 13-3 at 17]. Plaintiff contends that she introduced evidence from her treating source who diagnosed her with depression on November 13, 2012 and started her on anti-depressant medication, Celexa, and anti-psychotic medication, Risperdal. *See id.* [ECF No. 19 at 23]; Tr. [ECF No. 14-4 at 8]. Plaintiff also points out that Metrocare Services records from December 12, 2012 indicate that

she only partially responded to the medication, her Celexa dose was increased, and she was referred to counseling. *See* Pl.'s Br. [ECF No. 19 at 23]; Tr. [ECF No. 14-4 at 11]. Further, Plaintiff contends that the medical records from December of 2012 through September of 2013 indicate that she attended 33 counseling sessions, 6 medication management visits, and 3 social rehabilitation sessions. *See* Pl.'s Br. [ECF No. 19 at 23]; Tr. [ECF No. 14-4 at 16-49; ECF No. 14-5 at 1-47; ECF No. 14-6 at 1-16].

In her response, the Commissioner argues that substantial evidence supports the ALJ's mental RFC determination, which includes unremarkable treatment records from Dallas Metrocare Services. *See* Def.'s Br. [ECF No. 21 at 6]. The Commissioner argues that, while Plaintiff has been diagnosed with and treated for depression, those diagnoses and treatments do not confer disability. *See id.* [ECF No. 21 at 7]. The Commissioner argues that Plaintiff must show that she is so functionally impaired from depression that she cannot perform any substantial gainful activity. *See id.* [ECF No. 21 at 7]. The Commissioner contends that Plaintiff cites no credible evidence from the relevant period that depression or any other impairment produced functional limitations that exceeded the restrictions that the ALJ set forth in her detailed RFC determination. *See id.* [ECF No. 21 at 7].

In the reply, Plaintiff argues that the Commissioner misunderstands Plaintiff's argument and the holding in *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). *See* Reply [ECF No. 22 at 1-2]. Plaintiff argues that her argument is well founded in the law, and the Commissioner incorrectly asserts that *Ripley v. Chater*'s holding is that an ALJ could rely upon treatment notes absent an acceptable medical source statement and that notes provide substantial evidence to affirm the Commissioner's decision. *See id.* [ECF No. 22 at 2]. Plaintiff argues that while the Commissioner

seeks to provide a rationale and re-determine Step 2 by arguing the paucity of the evidence regarding Plaintiff's depressive disorder, Plaintiff only needs to make a *de minimus* showing that the impairment was severe enough to interfere with her ability to work, and whatever limited evidence appeared in the record, it was deemed sufficient by the ALJ to conclude that Plaintiff's major depressive disorder met the standard at Step 2 to be considered a "severe" impairment. *See id.* [ECF No. 22 at 4]; Tr. [ECF No. 13-3 at 17].

Plaintiff further argues in her reply that, having established that her depressive disorder would interfere with her ability to work, the issue moves on to the questions of how and to what degree, but the ALJ cannot assess the effects of Plaintiff's depression on her ability to sustain attention and concentration to understand, remember, and carry out detailed tasks, but not complex tasks, on a regular and continuing basis. *See* Reply [ECF No. 22 at 4]; Tr. [ECF No. 13-3 at 19]. Plaintiff argues that only a psychiatrist or a psychologist can review raw medical data, such as treatment notes or test results, and give an opinion on the specific work-related functions impacted. *See* Reply [ECF No. 22 at 4]. Therefore, Plaintiff argues that the absence of a medical opinion establishing the effects of her mental impairment leaves the ALJ's RFC finding to be unsupported by substantial evidence. *See id.* [ECF No. 22 at 3].

In *Ripley v. Chater*, the Fifth Circuit explained as follows:

> The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. The record includes a vast amount of medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work. . . . The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the

7

> conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions . . . on his ability to perform sedentary work.

*Ripley*, 67 F.3d at 557-58. Furthermore, the Court in *Thornhill v. Colvin*, 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) stated the following:

> The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. . . . While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley* . . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments.

*Thornhill*, 2015 WL 232844, at *10 (citing *Ripley*, 67 F.3d at 557-58; *Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th Cir. 2009)); s*ee also Williams*, 355 F. App'x at 832 n.6 ("In *Ripley*, we held that an ALJ may not-without opinions from medical experts-derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). Similarly, as Plaintiff points out, there is no medical opinion addressing the effects of Plaintiff's major depressive disorder on her ability to work, even though the ALJ found that Plaintiff's major depressive disorder was a severe impairment. *See* Pl.'s Br. [ECF No. 19 at 18-24]; Reply [ECF No. 22 at 4]; Tr. [ECF No. 13-3 at 17]. Because the ALJ erred in making an RFC determination without a medical opinion addressing the effects of Plaintiff's mental impairment on her ability to work, the ALJ's decision is not supported by substantial evidence. *See Ripley*, 67 F.3d at 557-58; *Thornhill*, 2015 WL 232844, at *10; *Williams*, 355 F. App'x at 832 n.6.

**RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 2nd day of May, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).